UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SAMUEL T. YOUNG                                                                             PETITIONER

VERSUS                                                      CIVIL ACTION NO. 3:14-cv-165-CWR-LRA

UNITED STATES OF AMERICA                                                          RESPONDENT

MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate at the Federal Correctional Institute, Butner, North Carolina, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on February 28, 2014. Resp. [3] at 1. Petitioner is requesting that the Court direct the Bureau of Prisons (BOP) to compute his sentence based on his arrest date of October 13, 2010, instead of May 1, 2012, when he was turned over to the BOP. Pet. [1]. Having considered the pleadings and applicable case law, this Court lacks jurisdiction to consider this § 2241 petition and, therefore, this case will be dismissed without prejudice.

I.   **Background**

The petition [1] reflects that Petitioner was sentenced by this Court on September 8, 2011. *See United States v. Young*, No. 3:10-cr-108-DPJ-FKB. Petitioner argues that his federal sentence should be credited with the time he was incarcerated which began on October 13, 2010, when he was arrested by the State of Mississippi, until the time he was turned over to the BOP on May 1, 2012. Pet. [1] at 2. Petitioner states that he was taken into custody by the United States Marshal's Service on October 28, 2010, and was kept in federal custody until September 15, 2011. *Id.* at 1. According to Petitioner, the sentence he received by the State of Mississippi did not include any prison time, but was suspended. *Id*. Petitioner contends that because he was held continuously from October 13, 2010, until he was turned over to the BOP on May 1, 2012, he should receive credit toward his

federal sentence for this period of time. *Id*. at 1-2.

**II.   Analysis**

An inmate may challenge the execution of his federal sentence in a § 2241 petition in the district of his confinement. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."). Section 2241 has been found to be the "proper procedural vehicle . . . to seek credit for prior custody." *Cain v. Menifee*, 269 Fed. App'x 420, 423 (5th Cir.)(citing *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988)). The United States Court of Appeals for the Fifth Circuit has held that jurisdiction attaches at the time the § 2241 petition for habeas relief is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001); *see also, United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990)(holding that, "[t]o entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian")(emphasis added). The Court finds that at the time the petitioner filed the instant civil habeas action he was incarcerated in the Federal Correctional Institute, Butner, North Carolina. Therefore, because jurisdiction attached at the time Petitioner filed the instant petition and he was incarcerated in North Carolina, this Court does not have jurisdiction to address the constitutional issues presented by Petitioner in the instant request for habeas relief pursuant to 28 U.S.C. § 2241.

Furthermore, when the district court lacks jurisdiction over a § 2241 petition, as is the case here, the district court does not have authority or "discretion" to transfer the petition to the proper district. *See Lee*, 244 F.3d at 373-74. "Instead, the Fifth Circuit mandates that the district court dismiss the petition without prejudice, so that petition 'may file the petition in the appropriate court if he desires.'" *Flores v. United States*, 2013 WL 6036679, at *2 (W.D. Tex. Nov. 12, 2013)(citing *Lee*, 244 F.3d at 375).

Notwithstanding this Court's lack of jurisdiction to consider the instant petition, it is clear that Petitioner's argument "[t]hat the computation of this sentence is entirely up to the Courts and not the BOP" is without merit. Pursuant to 18 U.S.C. § 3621(a), the Attorney General has the authority to administer a federal prisoner's sentence, who exercises this authority through the BOP. *See United v. Wilson*, 503 U.S. 329, 335 (1992). The district court at the time of sentencing cannot determine the precise amount of credit a federal offender should receive. *Id*. As such, it is the responsibility of the BOP to calculate the offender's sentence. *Id*. Title 18 U.S.C. § 3585 provides for the possibility of credit for time served by a federal prisoner prior to the date his federal sentence commences. Therefore, pursuant to § 3585(b), the Attorney General, through the BOP, not the federal sentencing court, is authorized to compute the amount of § 3585(b) credit. *See id.* at 333-34

Moreover, before litigating in federal court a § 2241 habeas petition concerning the computation of a sentence, the Petitioner is required to exhaust available administrative remedies through the BOP. *See Wilson*, 503 U.S. at 335. After Petitioner has exhausted his available administrative remedies and in the event his concerns are not resolved, he may then file a § 2241 petition in the district court in the judicial district in which he is incarcerated.

### III. Conclusion

As stated above, this Court does not have jurisdiction to entertain the Petitioner's challenge to the execution of his sentence pursuant to 28 U.S.C. § 2241 and thus, the instant civil action will be dismissed without prejudice. *See Lee*, 244 F.3d at 375. In the event the Petitioner wishes to pursue this claim after he has exhausted his available administrative remedies, he may do so by filing a new § 2241 habeas petition in the district court that has jurisdiction over his present custodian.

SO ORDERED this the 7th day of April, 2014.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

3